David E. De Lorenzi
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500
ddelorenzi@gibbonslaw.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Daniel L. Reisner (*pro hac vice* to be
submitted)
Abigail Struthers (*pro hac vice* to be
submitted)
250 West 55th Street
New York, NY 100190-9710
Telephone: (212) 836-8000
daniel.reisner@arnoldporter.com
abigail.struthers@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
Jeremy Cobb (*pro hac vice* to be submitted)
601 Massachusetts Ave,
NW Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
David Denuyl (*pro hac vice* to be submitted)
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
david.denuyl@arnoldporter.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHARMACOSMOS A/S; PHARMACOSMOS HOLDING A/S; and PHARMACOSMOS THERAPEUTICS INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS, INC.; TEVA PHARMACEUTICALS USA, INC.; and TEVA PHARMACEUTICAL INDUSTRIES LIMITED, <br><br> Defendants. | Case No. <u>25-3218</u> |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Pharmacosmos A/S, Pharmacosmos Holding A/S, and Pharmacosmos Therapeutics Inc. (collectively, "Pharmacosmos" or "Plaintiffs"), for their Complaint against Defendants Teva Pharmaceuticals, Inc. ("Teva Inc."), Teva Pharmaceuticals USA, Inc. ("Teva USA"), and Teva Pharmaceutical Industries Limited ("Teva Ltd.") (collectively, "Teva" or "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq*., and in particular under 35 U.S.C §§ 271 (a–c, e–g). This action relates to the Abbreviated New Drug Application No. 219413 ("Teva's ANDA") filed or caused to be filed by Teva with the United States Food and Drug Administration ("FDA") for approval to market a generic version of Pharmacosmos' COSELA®, (trilaciclib) for injection, intravenous drug product. Through Teva's ANDA, Teva seeks approval to market a generic version of the pharmaceutical product COSELA® (trilaciclib) prior to the expiration of United States Patent Nos. 11,529,352 (the "'352 patent") and 12,168,666 (the "'666 patent"). A true and correct copy of the '352 patent and the '666 patent are attached as Exhibits A and B respectively. Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

## THE PARTIES

2.      Plaintiff Pharmacosmos Holding A/S is a corporation organized and existing under the laws of Denmark and has a principal place of business at Roervangsvej 30, DK-4300 Holbaek, Denmark.

–2–

3.      Plaintiff Pharmacosmos A/S is a corporation organized and existing under the laws of Denmark and has a principal place of business at Roervangsvej 30, DK-4300 Holbaek, Denmark. Pharmacosmos A/S is a wholly-owned subsidiary of Pharmacosmos Holding A/S.

4.      Plaintiff Pharmacosmos Therapeutics Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 120 Headquarters Plaza, East Tower, 6th Floor, Morristown, New Jersey 07960. Pharmacosmos Therapeutics Inc. is a wholly-owned subsidiary of Pharmacosmos A/S.

5.      On information and belief, Defendant Teva Ltd. is a corporation organized and existing under the laws of Israel and has a principal place of business at P.O. Box 3190, 124 Deborah Hanevi'a St., Tel Aviv 6944020 Israel.

6.      On information and belief, Defendant Teva Ltd., directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, imports, offers for sale, and/or sells generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

7.      Teva Ltd.'s Securities and Exchange Commission Form 10-K filing for the fiscal year ending December 31, 2024 ("Teva Ltd. 10-k") states that it is "one of the leading generic pharmaceutical companies in the United States" and "market[s] approximately 500 generic prescription products in more than 1,400 dosage strengths, packaging sizes and forms." A true and correct copy of Teva Ltd. 10-k is attached as Exhibit C.

8.      On information and belief, Defendant Teva Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business in New Jersey at 400 Interpace Parkway #3, Parsippany, New Jersey 07054, as indicated on page 4 of its

Paragraph IV Notice Letter. *See also Catalyst Pharms., Inc., et al. v. Teva Pharms., Inc., et al.*, No. 2:23-cv-1190 (D.N.J.) at ECF No. 13 ¶¶ 4-5 (admitting the same).

9.     On information and belief, Teva Inc. is a wholly-owned subsidiary of Teva Ltd.

10.    On information and belief, Teva Inc. is registered with New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0450614134.

11.    On information and belief, Teva Inc. develops, manufactures, markets, distributes, imports, offers for sale, and/or sells, generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

12.    On information and belief, Defendant Teva USA is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business in New Jersey at 400 Interpace Parkway #3, Parsippany, New Jersey 07054. *See also Catalyst Pharms., Inc., et al. v. Teva Pharms., Inc., et al.*, No. 2:23-cv-1190 (D.N.J.) at ECF No. 13 ¶¶ 4-5 (admitting the same).

13.    On information and belief, Teva USA is a wholly-owned subsidiary of Teva Ltd.

14.    On information and belief, Teva USA maintains a physical place of business in this District, in at least Parsippany, New Jersey. Teva USA's website states that its "US Headquarters" is located in Parsippany, New Jersey. *See* https://www.tevausa.com/contact-us/ (last accessed March 13, 2025).

15.    On information and belief, Teva USA is registered with New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100250184.

16.    On information and belief, Teva USA is registered with New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration Nos. 5000583 and 5003436.

17.    On information and belief, Teva USA develops, manufactures, markets, distributes, imports, offers for sale, and/or sells, generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

18.    On information and belief, Teva Inc., in collaboration with Teva Ltd. and Teva USA, prepared and submitted Teva's ANDA and the three Teva entities continue to collaborate in seeking FDA approval of that application.

19.    On information and belief, Teva Inc., in collaboration with Teva Ltd. and Teva USA, intend to commercially manufacture, market, offer for sale, and sell the product described in Teva's ANDA ( "Teva's ANDA Product") throughout the United States, including in the State of New Jersey, in the event the FDA approves Teva's ANDA.

## JURISDICTION AND VENUE

20.    This is a civil action for infringement of the '352 and '666 patents (collectively, "the patents-in-suit"). This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*.

21.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and/or 35 U.S.C. § 271.

22.    Venue is proper in this Court as to Teva Ltd. under 28 U.S.C. § 1391(c)(3) because Teva Ltd. is a foreign corporation and may be sued in any judicial district in the United States where Teva Ltd. is subject to the court's personal jurisdiction. For reasons set forth below, Teva Ltd is subject to personal jurisdiction in this district.

23.     In addition, this Court has personal jurisdiction over Teva Ltd., and venue is proper as to Teva Ltd., at least because upon information and belief Teva Ltd.: (1) directs and/or controls Teva Inc. and/or Teva USA, which both have principal places of business and business addresses in New Jersey; (2) has purposely availed itself of the privilege of doing business in New Jersey, directly or indirectly through its subsidiaries, agents, and/or alter egos; (3) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey; (4) on information and belief, derives substantial revenue from the sale of its products in New Jersey; and (5) on information and belief, intends to, directly or indirectly through its subsidiaries, agents, and/or alter egos, market, sell, or distribute Teva's ANDA Product for which it seeks approval under Teva's ANDA, including throughout New Jersey.

24.     This Court has personal jurisdiction over Teva Ltd. for at least the additional reason that it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Boehringer Ingelheim Pharms., Inc. et al. v. Teva Pharms. USA, Inc. et al.*, No. 3:17-cv-11510 (D.N.J.).

25.     Teva Ltd. has further availed itself of the jurisdiction of New Jersey by initiating litigation in this Judicial District. *See, e.g.*, *Teva Pharms. USA, Inc. et al. v. Sandoz Inc. et al.*, No. 3:17-cv-00275 (D.N.J.); *Teva Pharms. USA, Inc. et al. v. Dr. Reddy's Lab'ys, Ltd. et al.*, No. 3:17-cv-00517 (D.N.J.); *Teva Pharms. Indus. Ltd. et al. v. Lupin Ltd. et al.*, No. 2:07-cv-00247 (D.N.J.).

26.     Alternatively, this Court may exercise jurisdiction over Teva Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Pharmacosmos' claims arise under federal law; (2) Teva Ltd. is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Teva Ltd. has sufficient contacts with the United States as a whole, including but not

limited to preparing and submitting numerous ANDAs to the FDA and manufacturing, importing, offering to sell, or selling generic pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Teva Ltd. satisfies due process.

27.     Venue is proper in this Court as to Teva Inc. under 28 U.S.C. § 1400(b) because Teva Inc. resides in New Jersey, has committed acts of infringement in New Jersey, and has a regular and established place of business in this Judicial District. Teva Inc. served Teva's Paragraph IV Notice Letter, which indicated that Teva Inc. filed Teva's ANDA in New Jersey.

28.     In addition, this Court has personal jurisdiction over Teva Inc., and venue is proper as to Teva Inc., because on information and belief, Teva Inc.: (1) submitted Teva's ANDA and served Teva's Paragraph IV Notice Letter in New Jersey; (2) has a principal place of business and business addresses in New Jersey; (3) has employees in the places of business that it maintains in New Jersey; (4) has customers in the state of New Jersey; (5) has purposely availed itself of the privilege of doing business in New Jersey, including securing a New Jersey Business Entity identification number (Registration No. 0450614134); (6) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in New Jersey; (7) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical products in New Jersey; (8) directly or indirectly maintains pervasive, continuous, and systematic contacts with New Jersey, including through a network of wholesalers and distributors, for the purposes of marketing, distributing, and/or selling generic pharmaceutical products in New Jersey; (9) enjoys substantial income from sales of its generic pharmaceutical products in New Jersey; and (10) on information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute Teva's ANDA Product in New Jersey.

29.    This Court has personal jurisdiction over Teva Inc. at least because it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *GW Rsch. Ltd. v. Teva Pharm., Inc. et al.*, No. 2:23-cv-3914 (D.N.J.); *Axsome Therapeutics, Inc. et al. v. Teva Pharms., Inc.*, No. 2:23-cv-1695 (D.N.J.); *Jazz Pharm. Ireland Ltd. v. Teva Pharms., Inc.*, No. 2:23-cv-1617 (D.N.J.); *Theravance Biopharma R&D IP, LLC, et al. v. Eugia Pharma Specialties Ltd., et al.*, No. 2:23-cv-0926 (D.N.J.); *GW Rsch. Ltd. v. Teva Pharm., Inc. et al.*, No. 2:23-cv-0018 (D.N.J.); *Takeda Pharms. America, Inc. et al. v. Teva Pharms., Inc. et al.,* No. 2:22-cv-07454 (D.N.J.); *Evoke Pharma, Inc. v. Teva Pharms. Inc. et al.,* No. 1:22-cv-02019 (D.N.J.); *Horizon Therapeutics U.S. Holding LLC et al. v. Teva Pharms., Inc.*, No. 1:22-cv-01382 (D.N.J.).

30.    Venue is proper in this Court as to Teva USA under 28 U.S.C. § 1400(b) because Teva USA resides in New Jersey, has committed acts of infringement in New Jersey, and has a regular and established place of business in this Judicial District..

31.    In addition, this Court has personal jurisdiction over Teva USA, and venue is proper as to Teva USA because, on information and belief, Teva USA: (1) has a principal place of business and business addresses in New Jersey; (2) has employees in the places of business that it maintains in New Jersey; (3) has customers in the state of New Jersey; (4) has purposely availed itself of the privilege of doing business in New Jersey, including securing New Jersey wholesale drug manufacturer and distributor licenses (Registration Nos. 5000583 and 5003436) and a New Jersey Business Entity identification number (Registration No. 0100250184); (5) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in New Jersey; (6) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical products in New Jersey; (7) directly or indirectly

maintains pervasive, continuous, and systematic contacts with New Jersey, including through a network of wholesalers and distributors, for the purposes of marketing, distributing, and/or selling generic pharmaceutical products in New Jersey; (8) enjoys substantial income from sales of its generic pharmaceutical products in New Jersey; and (9) on information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute Teva's ANDA Product in New Jersey.

32.    This Court has personal jurisdiction over Teva USA at least because it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Catalyst Pharm., Inc. et al. v. Teva Pharms., Inc. et al.*, No. 2:23-cv-1190 (D.N.J.); *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialties Ltd. et al.*, No. 2:23-cv-0926 (D.N.J.); *Takeda Pharms. Am., Inc. et al. v. Teva Pharms., Inc. et al.*, No. 2:22-cv-07454 (D.N.J.); *Evoke Pharma, Inc. v. Teva Pharms., Inc. et al.*, No. 1:22-cv-02019 (D.N.J.)*; Boehringer Ingelheim Pharms., Inc. et al. v. Teva Pharms. USA, Inc. et al.*, No. 3:17-cv-11510 (D.N.J.).

33.    Teva USA has further availed itself of the jurisdiction of this Judicial District by previously initiating litigation in this Judicial District. *See, e.g.*, *Teva Branded Pharm. Prods. R&D, Inc. et al. v. Deva Holding A.S.*, No. 2:24-cv-04404 (D.N.J.); *Teva Pharms. USA, Inc. v. Amarin Pharma, Inc. et al.,* No. 3:24-cv-04341 (D.N.J.); *Teva Pharms. USA, Inc. v. Biogen Int'l Gmbh*, No. 2:23-cv-02491 (D.N.J.); *Teva Pharms. USA, Inc. et al. v. Sandoz Inc. et al.*, No. 3:17-cv-00275 (D.N.J.); *Teva Pharms. USA, Inc. et al. v. Dr. Reddy's Lab'ys, Ltd. et al.*, No. 3:17-cv-00517 (D.N.J.); *Teva Pharm. Indus. Ltd. and Teva Pharms. USA, Inc. v. Lupin Ltd. et al.*, No. 2:07-cv-00247 (D.N.J.).

34.    On information and belief, Teva Ltd., Teva Inc., and Teva USA are agents of each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to Teva's ANDA Product.

35.    On information and belief, Teva Ltd., Teva Inc., and Teva USA are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to Teva's ANDA Product.

36.    On information and belief, Teva Inc., in collaboration with Teva Ltd. and Teva USA, filed or caused to be filed Teva's ANDA with the FDA.

37.    On information and belief, Teva Inc. submitted Teva's ANDA in New Jersey, based on work performed in New Jersey in support for its ANDA filing. On information and belief, this work, including but not limited to providing details on bioequivalence testing, manufacturing processes and quality control measures, and communicating with the FDA concerning the ANDA submission, was performed by Teva Inc., in collaboration with Teva Ltd. and Teva USA, and comprises part of Teva's ANDA submission.

38.    On information and belief, Teva Ltd. is the holder of the Drug Master File for trilaciclib that underlies Teva's ANDA submission.

39.    On information and belief, Teva Inc. taking actions in concert with Teva Ltd. and Teva USA which, among other things, led to the filing of Teva's ANDA and its maintaining of distribution channels, including in New Jersey, establishes that Teva will commercially manufacture, use, offer to sell, sell, and/or import Teva's ANDA Product throughout the United States, including in New Jersey, if granted approval.

40.     Teva Inc. sent Pharmacosmos a letter dated March 11, 2025 ("Teva's Paragraph IV Notice Letter") providing notice that Teva's ANDA contains a certification with respect to the '352 and '666 patents under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"), stating that Teva Inc. had filed Teva's ANDA seeking approval from the FDA to commercially manufacture, use, market, or sell its 300 mg/vial generic trilaciclib product in the United States.

41.     Pharmacosmos received Teva's Paragraph IV Notice Letter in New Jersey on March 12, 2025.

## PHARMACOSMOS' APPROVED COSELA® AND THE PATENTS-IN-SUIT

42.     Pharmacosmos A/S holds New Drug Application ("NDA") No. 214200, which the FDA approved on February 12, 2021. The FDA also granted five years of regulatory exclusivity for a new chemical entity pursuant to 21 C.F.R. § 314.108, which expires on February 12, 2026. Pharmacosmos markets and sells intravenous products that are the subject of NDA No. 214200 in the United States under the brand name "COSELA®."

43.     COSELA® (trilaciclib) is a kinase inhibitor indicated to decrease the incidence of chemotherapy-induced myelosuppression in adult patients when administered prior to a platinum/etoposide-containing regimen or topotecan-containing regimen for extensive-stage small cell lung cancer. A true and correct copy of the prescribing information for COSELA® is attached as Exhibit D.

44.     The prescribing information for COSELA® instructs that COSELA® should be "administer[ed] as a 30-minute intravenous infusion completed no more than 4 hours prior to the start of chemotherapy on each day chemotherapy is administered," and that "the interval between doses of COSELA on sequential days should not be greater than 28 hours." Ex. D at Sections 1, 2.

45.     The prescribing information for COSELA® further details the platinum/etoposide-containing regimen of Study 1 (G1T28-05), the primary study supporting FDA approval of COSELA®. Ex. D at Sections 6, 14. For example, the prescribing information for COSELA® details that "Study 1 (G1T28-05) was a randomized (1:1), double-blind, placebo-controlled study of COSELA or placebo administered prior to treatment with etoposide, carboplatin, and atezolizumab (E/P/A) for patients with newly diagnosed ES-SCLC not previously treated with chemotherapy," and that, in the COSELA® treatment group, "Carboplatin (AUC 5) and atezolizumab (1200 mg) were administered on Day 1 and etoposide (100 mg/m$^2$) and COSELA (240 mg/m$^2$) … were administered on Days 1, 2, and 3 of a 21-day cycle for a maximum of 4 cycles (induction). After induction, maintenance atezolizumab (1200 mg) monotherapy on Day 1 of a 21-day cycle continued until disease progression or unacceptable toxicity." Ex. D at Section 14; *see also id.* at Section 6 ("Study 1 (G1T28-05; NCT03041311) was an international, randomized (1:1), double-blind, placebo-controlled study of COSELA or placebo administered prior to treatment with etoposide, carboplatin, and atezolizumab (E/P/A) for patients with newly diagnosed ES-SCLC not previously treated with chemotherapy.").

46.     The prescribing information for COSELA® further discloses that Study 1 "demonstrated a statistically significantly shorter duration of severe neutropenia (DSN) in Cycle 1 (0 vs 4 days) and a lower proportion of patients with severe neutropenia (SN) (2% vs 49%) in patients receiving COSELA compared with placebo (Table 5)." *Id.* at Section 14.

47.     On information and belief, the platinum/etoposide-containing regimen of Study 1 reflects the standard of care for treating patients with ES-SCLC, which requires administration of a platinum/etoposide-containing regimen comprising platinum/etoposide chemotherapy (*e.g.*,

carboplatin and etoposide) and an immune checkpoint inhibitor (*e.g.*, atezolizumab) administered in an induction phase and a maintenance phase.

48.     Pursuant to 21 U.S.C. § 355(b)(1), the '352 and '666 patents are listed in the FDA's publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (commonly referred to as the "Orange Book") as covering COSELA®

49.     The '352 patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 20, 2022 and is titled "Preservation of Immune Response During Chemotherapy Regimens." Ex. A. The '352 patent will expire on July 23, 2039.

50.     The '666 patent was duly and legally issued by the USPTO on December 17, 2024 and is titled "Morphic Forms of Trilaciclib And Methods of Manufacture Thereof." Ex. B. The '666 patent will expire on November 13, 2040.

51.     Pharmacosmos Holding A/S is the assignee of the '352 and '666 patents.

52.     Pharmacosmos Therapeutics Inc. holds an exclusive license under the '352 and '666 patents to commercialize COSELA® in the United States.

### TEVA'S ANDA AND NOTICE LETTER

53.     On information and belief, Teva submitted its ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Teva's ANDA Product as a purported generic version of COSELA® prior to the expiration of the '352 and '666 patents. On information and belief, Teva's ANDA contains a Paragraph IV Certification with respect to the '352 and '666 patents.

54.     Pharmacosmos Therapeutics Inc. received Teva's Paragraph IV Notice Letter in New Jersey on March 12, 2025. In its Paragraph IV Notice Letter, Teva Inc. represented that

Teva's ANDA included Paragraph IV Certifications with respect to the '352 and '666 patents, and that Teva Inc. is seeking approval to engage in the commercial manufacture, use, or sale of its ANDA Product prior to the expiration of the '352 and '666 patents. According to Teva's Paragraph IV Notice Letter, Teva's ANDA Product contains trilaciclib.

55.     Teva's Paragraph IV Notice Letter purported to contain a "Detailed Factual And Legal Basis For Its Paragraph IV Certification That U.S. Patent Nos. 11,529,352 and 12,168,666 Are Invalid, Unenforceable And/Or Not Infringed" ("Detailed Statement").

56.     Teva's Detailed Statement alleged that the '352 and '666 patents will not be infringed by the commercial manufacture, use, or sale of Teva's ANDA Product. Teva's Paragraph IV Notice Letter did not allege that the '352 or '666 patent is invalid.

57.     Teva's Paragraph IV Notice Letter purported to include an Offer of Confidential Access ("OCA") to certain Teva confidential information regarding Teva's ANDA Product. Plaintiffs requested that Teva revise its purported OCA. Pharmacosmos and Teva came to an agreement as to the terms of an OCA on March 28, 2025. Pharmacosmos requested access to Teva's ANDA on March 28, 2025. Teva provided access to Modules 1, 2, and 3 of Teva's ANDA on March 31, 2025.

58.     On information and belief, Teva Inc., in collaboration with Teva Ltd. and Teva USA, has participated in the preparation and submission of Teva's ANDA, has provided material support to the preparation and submission of Teva's ANDA, and intends to support the further prosecution of Teva's ANDA.

59.     On information and belief, if the FDA approves Teva's ANDA, Teva will manufacture, offer for sale, or sell its ANDA Product within the United States, including within New Jersey, or will import its ANDA Product into the United States, including New Jersey.

60.     On information and belief, if the FDA approves Teva's ANDA, Teva will actively induce or contribute to the manufacture, use, offer for sale, or sale of its ANDA Product.

61.     Pharmacosmos is commencing this action within 45 days of the date of receipt of Teva's Paragraph IV Notice Letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## ACTS GIVING RISE TO THIS ACTION

## COUNT I

## INFRINGEMENT OF THE '352 PATENT BY TEVA

62.     The allegations of paragraphs 1-61 above are repeated and re-alleged as if set forth fully herein.

63.     On information and belief, Teva has submitted or caused the submission of Teva's ANDA to FDA, and continues to seek FDA approval of Teva's ANDA.

64.     Teva has infringed the '352 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Teva's ANDA with a Paragraph IV certification and seeking FDA approval of Teva's ANDA prior to the expiration of the '352 patent.

65.     Teva Ltd., Teva Inc., and Teva USA are jointly and severally liable for any infringement of the '352 patent because, on information and belief, Teva Ltd., Teva Inc., and Teva USA actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Teva's ANDA and its accompanying Paragraph IV Certification directed to the '352 patent to the FDA.

66.     On information and belief, Teva's ANDA Product will be accompanied by a label containing clinical study information, prescribing information, and other instructions ("Teva's ANDA Product Labeling").

67.     On information and belief Teva's ANDA Product Labeling will be substantially identical to the prescribing information for COSELA® (Ex. D).

68.     On information and belief, physicians will follow the instructions on Teva's ANDA Product Labeling when administering Teva's ANDA Product.

69.     On information and belief, the use of Teva's ANDA Product in accordance with and as directed by Teva's ANDA Product Labeling will infringe one or more claims of the '352 patent.

70.     As an example, claim 1 of the '352 patent recites:

A method of treating a human having cancer comprising administering to the human a therapeutic regimen comprising a) an induction phase and b) a maintenance phase,

    a) the induction phase comprising:

    i) administering to the human an effective amount of a selective Cyclin Dependent Kinase 4/6 (CDK4/6) inhibitor of structure:



or a pharmaceutically acceptable salt thereof,

    ii) administering to the human an effective amount of a chemotherapeutic agent, and

    iii) administering to the human an effective amount of an immune checkpoint inhibitor, wherein, during the induction phase, the CDK4/6 inhibitor is only administered 24 hours or less prior to the administration of the chemotherapeutic agent, and wherein the chemotherapeutic agent is cytotoxic to immune effector cells;

    b) the maintenance phase comprising:

> > i) administering to the human at least one dose of an effective amount of the immune checkpoint inhibitor, and

wherein the maintenance phase is administered following the cessation of the induction phase.

71.    On information and belief, the use of Teva's ANDA Product in accordance with and as directed by Teva's ANDA Product Labeling will involve treating a human having cancer in accordance with the method recited in claim 1.

72.    On information and belief, Teva will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product immediately and imminently upon approval of its ANDA.

73.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Teva's ANDA Product will infringe one or more claims of the '352 patent.

74.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Teva's ANDA Product in accordance with and as directed by Teva's ANDA Product Labeling will infringe one or more claims of the '352 patent.

75.    On information and belief, Teva plans and intends to, and will, actively induce infringement of one or more claims of the '352 patent when Teva's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Teva's activities will be done with knowledge of the '352 patent and specific intent to infringe that patent.

76.    On information and belief, physicians who act according to Teva's ANDA Product Labeling will infringe one or more claims of the '352 patent.

77.    On information and belief, Teva knows, should know, or is willfully blind to the fact that physicians who act according to Teva's ANDA Product Labeling will infringe one or more claims of the '352 patent, and Teva has the specific intent to actively encourage physicians

to infringe one or more claims of the '352 patent as evident, *e.g.,* by Teva's ANDA Product Labeling and information submitted with Teva's ANDA.

78.    On information and belief, Teva knows that Teva's ANDA Product and Teva's ANDA Product Labeling are especially made or adapted for use in infringing the '352 patent, that Teva's ANDA Product is not a staple article or commodity of commerce, and that Teva's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Teva plans and intends to, and will, contribute to infringement of the '352 patent immediately and imminently upon approval of Teva's ANDA.

79.    Notwithstanding Teva's knowledge of the claims of the '352 patent, Teva has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Teva's ANDA Product with its product labeling following FDA approval of Teva's ANDA prior to the expiration of the '352 patent.

80.    The foregoing actions by Teva constitute and/or will constitute infringement of the '352 patent, active inducement of infringement of the '352 patent, and/or contribution to the infringement by others of the '352 patent.

81.    On information and belief, Teva has acted with full knowledge of the '352 patent and without a reasonable basis for believing that it would not be liable for infringement of the '352 patent, active inducement of infringement of the '352 patent, and/or contribution to the infringement by others of the '352 patent.

82.    Teva's Detailed Statement in Teva's Paragraph IV Notice Letter lacks sufficient contention that Teva's ANDA product will not infringe, contribute to the infringement of, or induce the infringement of the '352 patent.

83.      Pharmacosmos will be irreparably harmed if Teva is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '352 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and Teva, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

84.      The submission of Teva's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of Teva's ANDA Product before the expiration of the '352 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

## COUNT II

## INFRINGEMENT OF THE '666 PATENT BY TEVA

85.      The allegations of paragraphs 1-84 above are repeated and re-alleged as if set forth fully herein.

86.      On information and belief, Teva has submitted or caused the submission of Teva's ANDA to FDA, and continues to seek FDA approval of the Teva ANDA.

87.      Teva has infringed the '666 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Teva's ANDA with a Paragraph IV certification and seeking FDA approval of Teva's ANDA prior to the expiration of the '666 patent.

88.      Teva Ltd., Teva Inc., and Teva USA are jointly and severally liable for any infringement of the '666 patent because, on information and belief, Teva Ltd., Teva Inc., and Teva USA actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Teva's ANDA and its accompanying Paragraph IV Certification directed to the '666 patent to the FDA.

89.     On information and belief, if Teva's ANDA is approved, Teva and its affiliates will immediately make, sell, offer for sale, or otherwise distribute Teva's ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the '666 patent.

90.     Teva's commercial manufacture, use sale, or offer for sale, and/or importation into the United States of Teva's ANDA Product will actively induce and/or contribute to the infringement of the '666 patent.

91.     Unless enjoined by this Court, upon approval of ANDA No. 219413, Teva will make, use, offer to sell, or sell Teva's ANDA Product within the United States, or will import Teva's ANDA Product into the United States, and will thereby contribute to the infringement and/or induce the infringement of one or more claims of the '666 patent.

92.     On information and belief, Teva has acted with full knowledge of the '666 patent and without a reasonable basis for believing that it would not be liable for infringement of the '666 patent, active inducement of infringement of the '666 patent, and/or contribution to the infringement by others of the '666 patent.

93.     Teva's Detailed Statement in Teva's Paragraph IV Notice Letter lacks sufficient contention that Teva's ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '666 patent.

94.     Pharmacosmos will be irreparably harmed if Teva is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '666 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and Teva, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

95.    The submission of Teva's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of Teva's ANDA Product before the expiration of the '666 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

## PRAYER FOR RELIEF

WHEREFORE, Pharmacosmos requests that the Court grant the following relief:

A.    A judgement that Teva infringes the patents-in-suit under 35 U.S.C. § 271(e)(2)(A);

B.    A permanent injunction pursuant to 35 U.S.C. §§ 271(e)(4)(B) or 283 restraining and enjoining Teva, their affiliates and subsidiaries, and all persons or entities acting in concert with Teva from commercially manufacturing, using, offering for sale, selling, or importing any product that infringes the patents-in-suit by the commercial manufacture, use, provision, offer for sale, or sale within the United States, and/or importation into the United States, including Teva's ANDA Product described in ANDA No. 219413;

C.    An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of Teva's ANDA No. 219413 be a date that is not earlier than the expiration date of the latest to expire of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the aforementioned patents-in-suit to which Pharmacosmos is or becomes entitled;

D.    An award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C) to the extent Teva commercially manufactures, uses, provides, offers to sell, or sells within the United States, or imports into the United States any product that infringes or induces or contributes to the infringement of the patents-in-suit within the United States prior to the expiration of the

aforementioned patents, including any later expiration of any patent term extension or exclusivity for the patents to which Pharmacosmos is or becomes entitled, and that any such monetary relief be awarded to Pharmacosmos with prejudgment interest;

E.    The entry of judgment declaring that Teva's acts render this case an exceptional case, and awarding Pharmacosmos their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

F.    An award of Pharmacosmos' costs and expenses in this action; and

G.    Such other and further relief as the Court may deem just and proper.

DATED: April 24, 2025

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Daniel L. Reisner (*pro hac vice* to be submitted)
Abigail Struthers (*pro hac vice* to be submitted)
250 West 55th Street
New York, NY 100190-9710
Telephone: (212) 836-8000
daniel.reisner@arnoldporter.com
abigail.struthers@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
Jeremy Cobb (*pro hac vice* to be submitted)
601 Massachusetts Ave,
NW Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
David Denuyl (*pro hac vice* to be submitted)
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
david.denuyl@arnoldporter.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*

By: s/ David E. De Lorenzi
David E. De Lorenzi
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500
ddelorenzi@gibbonslaw.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*